IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JOSE GOMEZ**, on behalf of himself and all other similarly situated employees, known and unknown, | Civil Action |
| Plaintiff, | |
| v. | No. |
| **DOLLAR & UP GROUP, INC.**, an Illinois corporation, **LAFI AWADALLAH**, individually, and **MOHAMMAD BUGATTI**, individually, | |
| Defendants. | JURY DEMAND |

<u>COMPLAINT</u>

By and through his attorneys of record and on behalf of himself and all other similarly situated employees, known and unknown, the plaintiff, JOSE GOMEZ, complains of the defendants DOLLAR & UP GROUP, INC., an Illinois corporation, LAFI AWADALLAH, individually, and MOHAMMAD BUGATTI, individually. Pleading hypothetically and in the alternative, the plaintiff alleges as follows:

I. <u>INTRODUCTION</u>

1. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, as a result of the defendants' failure to pay overtime compensation to the plaintiff, and to other similarly situated employees of the defendants (the "Putative Class"). The plaintiff routinely worked in excess of 40 hours per week for the defendants, but the defendants failed and refused to pay him time-and-one-half overtime compensation for the hours they worked in excess of 40 in given weeks as the FLSA requires.

2.      Upon information and belief, the defendants routinely failed and refused to pay the Putative Class members time-and-one-half overtime compensation for the hours they worked in excess of 40 in given weeks as well, and continue this improper payroll practice through the present day.  In Count I, the plaintiff brings claims under Section 216(b) of the FLSA.

3.      The defendants routinely failed and refused to pay the plaintiff at a rates not less than both the applicable federal and Illinois minimum wage rates in given weeks.

4.      In Count II the plaintiff brings supplemental claims under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq*.

5.      In Count III, the plaintiff brings supplemental claims under the Chicago Minimum Wage Ordinance ("CMWO"), 1-24-010 *et seq*.

6.      In Count IV, the plaintiff brings a claim for retaliation under Section 15(a)(3) of the FLSA.

7.      In Count V, the plaintiff brings a claim for retaliation under Section 1-24-080 of the CMWO.

## II.    THE PARTIES

8.      The plaintiff is an individual domiciled within Illinois and resides within the Northern District of Illinois.

9.      The following defendants are individuals who, upon information and belief, are domiciled in Illinois and reside within the Northern District of Illinois: a) LAFI AWADALLAH; and b) MOHAMMAD BUGATTI

10.     DOLLAR & UP GROUP, INC. is an Illinois corporation that maintains a registered office in Illinois at 3050 W. Devon Ave., Chicago, IL 60659.

11.     At all times relevant to this action, DOLLAR & UP GROUP, INC. maintained a principal place of business at or near 5456-5460 S. Kedzie Ave., Chicago, IL 60632.

12.     At all times relevant to this action, the following defendants were and are corporate officers of DOLLAR & UP GROUP, INC.: a) LAFI AWADALLAH; and b) upon information and belief, MOHAMMAD BUGATTI.

13.     At all times relevant to this action, the following defendants held and hold an ownership interest in DOLLAR & UP GROUP, INC.: a) LAFI AWADALLAH; and b) MOHAMMAD BUGATTI.

14.     At all times relevant to this action, the following defendants exercised and exercise significant control over DOLLAR & UP GROUP, INC.'s day-to-day affairs including its human resources and payroll function: a) LAFI AWADALLAH; and b) MOHAMMAD BUGATTI.

15.     At all times relevant to this action, the following defendants had and have the power to hire and fire DOLLAR & UP GROUP, INC.'s employees including, as applicable, the plaintiff and the Putative Class members: a) LAFI AWADALLAH; and b) MOHAMMAD BUGATTI.

16.     At all times relevant to this action, the following defendants had and have the power to set the pay rates of DOLLAR & UP GROUP, INC.'s employees including, as applicable, the plaintiff and the Putative Class members: a) LAFI AWADALLAH; and b) MOHAMMAD BUGATTI.

17.     At all times relevant to this action, the following defendants had and have the power to set the work schedules of DOLLAR & UP GROUP, INC.'s employees including, as

applicable, the plaintiff and the Putative Class members: a) LAFI AWADALLAH; and b) MOHAMMAD BUGATTI.

### III.   JURISDICTION AND VENUE

18.     Federal question jurisdiction is conferred on this Court by Section 16(b) of the FLSA and 28 U.S.C. §1331.

19.     Supplemental jurisdiction over the Illinois statutory claims alleged herein is conferred on this Court by 28 U.S.C. § 1367(a).

20.     Venue is proper as the acts or omissions that gave rise to the claims alleged herein occurred within the Northern District of Illinois.

### IV.   STATUTORY CONSENT

21.     The plaintiff bring this case as an opt-out collective action under the FLSA on behalf of himself and the Putative Class, and in accord with Section 16(b) of the FLSA, the plaintiff has given written consent to bring such an action (attached hereto as **Exhibit A**).

### V.   GENERAL ALLEGATIONS

22.     At all times relevant to this action, the defendants were the plaintiff's "employer", within the meaning of Section 3(a) and (d) of the FLSA in that the defendants acted directly or indirectly in the interest of the "employer" in relation to the employee plaintiffs represented herein, and are therefore jointly and severally liable for the unpaid wages and other relief sought herein.

23.     At all times relevant to this action, the defendants were and are the Putative Class members' "employer", within the meaning of Section 3(a) and (d) of the FLSA in that the defendants acted/act directly or indirectly in the interest of the "employer" in relation

to the employee plaintiffs represented herein, and are therefore jointly and severally liable for the unpaid wages and other relief sought herein.

24. At all times relevant to this action, the defendants were the plaintiff's "employer" within the meaning of Section 3(c) of the IMWL in that the defendants acted directly or indirectly in the interest of the "employer" in relation to the plaintiffs, and are therefore jointly and severally liable for the unpaid wages and other relief sought herein.

25. At all times relevant to this action, the defendants were the plaintiff's "employer" within the meaning of Section 1-24-010 of the CMWO in that the defendants acted directly or indirectly in the interest of the "employer" in relation to the plaintiffs, and are therefore jointly and severally liable for the unpaid wages and other relief sought herein.

26. At all times relevant to this action, the plaintiff was an "employee" of the Defendants within the meaning of Section 3(e)(1) of the FLSA in that, among other things, the defendants allowed him to perform work for the defendants' benefit.

27. At all times relevant to this action, the Putative Class members were and are "employee[s]" of the defendants within the meaning of Section 3(e)(1) of the FLSA in that, among other things, the defendants allowed them to perform work for the defendants' benefit.

28. At all times relevant to this action, the plaintiffs was an "employee" of the defendants within the meaning of Section 3(d) of the IMWL in that, among other things, the defendants allowed him to perform work for the defendants' benefit.

5

29.     At all times relevant to this action, the plaintiffs was an "employee" of the defendants within the meaning of 1-24-010 of the CMWO in that, among other things, the defendants allowed him to perform work for the defendants' benefit.

30.     At all times relevant to this action, the defendants owned and operated, and own and operate, a discount and convenience store commonly known as "Dollar & Up" at or near 5456-5460 S. Kedzie Ave., Chicago, IL 60632, at which the plaintiff was employed.

31.     Upon information and belief, DOLLAR & UP GROUP, INC. had gross receipts in excess of $500,000.00 in: a) 2011; b) 2012; c) 2013; d) 2014; e) the twelve-month period between and including April 1, 2014 and March 31, 2015; f) the twelve-month period between and including July 1, 2014 and June 30, 2015; and g) the twelve-month period between and including October 1, 2014 and September 30, 2015.

32.     During the course of his employment by the defendants, the plaintiff handled goods that moved in interstate commerce including but not limited to canned beverages and cigarettes.

33.     During the course of their employment by the defendants, the Putative Class members handled and handle goods that moved in interstate commerce including but not limited to canned beverages and cigarettes.

34.     During the course of their employment by the defendants, the plaintiff and the Putative Class members were and, as applicable, are not exempt from the minimum wage and maximum hour provisions of the FLSA.

35.     During the course of their employment by the defendants, the plaintiff was not exempt from the minimum wage and maximum hour provisions of the IMWL.

6

36.     The plaintiff was employed by the defendants from about February 15, 2015 through October 18, 2015.

37.     The plaintiff worked as a cashier, stocked shelves and took inventory.

38.     The Putative Class consists of employees who worked/work as cashiers, stocking shelves and taking inventory, before the plaintiff was hired by the defendants, after the plaintiff was fired by the defendants, and/or during the same time period as the plaintiff worked but on a different shift or shifts.

39.     From about February 15, 2015 to about April 15, 2015 ("Period A"), the plaintiff worked the following schedule at the defendants' discount store: Monday through Friday from 9:00 a.m. to 5:00 p.m. – which amounts to 40 hours per week.

40.     From about April 15, 2015, to about July 15, 2015 ("Period B"), the plaintiff worked the following schedule at the defendants' discount store: Monday through Friday from 9:00 a.m. to 9:00 p.m. – which amounts to 60 hours per week.

41.     From about July 15, 2015 through October 18, 2015 ("Period C") the plaintiff worked the following schedule at the defendants' discount store: Monday through Friday from 9:00 a.m. to 9:00 p.m.; and Saturday through Sunday from 9:00 a.m. to 3:00 p.m. – which amounts to 72 hours per week.

42.     During Period A, B and C, the defendants did not allow the plaintiff to take a lunch break in which he was able to leave the store; rather, the defendants required the plaintiff to "eat on the fly" as he worked.

43.     During Period A, for his labor, the defendants paid the plaintiff $200.00 per week in cash.

7

44.    It follows that, during Period A, the plaintiff's de facto hourly wage rate was $5.00, which is below the federal and Illinois minimum wage rates.

45.    In about the first half of Period B, for his labor, the defendants paid the plaintiff $250.00 per week in cash; and, in about the last half of Period B, the defendants paid the plaintiff $300.00 per week in cash.

46.    It follows that, during the first half of Period B, the plaintiff's de facto hourly wage rate was $4.17, which is below the federal and Illinois minimum wage rates; and, during the last half of Period B, the plaintiff's de facto hourly rate was $5.00, which is below the federal, Illinois and Chicago minimum wage rates.

47.    In about the first month of Period C, for his labor, the defendants paid the plaintiff $310.00 per week in cash; and, in the remaining weeks of Period C, the defendants paid the plaintiff $360.00 per week in cash.

48.    It follows that, during the first month of Period C, the plaintiff's de facto hourly wage rate was $4.31, which is below the federal, Illinois and Chicago minimum wage rates; and, during the remaining weeks of Period C, the plaintiff's de facto hourly rate was $5.00, which is below the federal, Illinois and Chicago minimum wage rates.

49.    Given that the plaintiff's de facto hourly wage rates were below even the federal minimum (which is lower than both the Illinois and Chicago minimums) during Period A, B and C, the defendants did not pay the plaintiff time and one-half overtime compensation for the overtime (in excess of 40 in any given week) hours he worked in Period B and C.

50.    The defendants paid the plaintiff in cash, rather than by payroll check, as part of their scheme to avoid compliance with the FLSA, the IMWL and the CMWO.

8

51.     In particular, the plaintiff anticipates that the defendants will attempt to claim that the plaintiff never worked at their discount store or, even, that they do not know the plaintiff at all.

52.     Because the defendants paid the plaintiff in cash, it is likely that the defendants also did not maintain written records pertaining to the plaintiff's employment.

## COUNT I
## (Violation of the FLSA)

53.     The plaintiff re-alleges the foregoing paragraphs.

54.     Among other ways, the defendants violated the FLSA by:

    a.  failing to pay the plaintiff for the overtime (in excess of 40 in any given workweek) hours he worked during Periods B and C at a rate equal to or greater than one and one-half times the hourly rate at which he was employed (in no case less than the applicable federal, Illinois or Chicago minimum hourly rates, whichever is highest);

    b.  failing to pay the plaintiff at a rate not less than the federal minimum wage for the hours he worked during Periods A, B and C;

    c.  failing to provide the plaintiff with pay stubs that accurately listed the number of hours he worked each week; and

    d.  failing to provide the plaintiff with pay stubs that accurately listed his hourly rates of pay.

55.     Upon information and belief, the defendants also violated the FLSA by:

    a.  failing to pay the Putative Class members for the overtime hours they worked/work at a rate equal to or greater than one and one-half times the hourly rate at which they were employed (in no case less than the applicable federal, Illinois or Chicago minimum hourly rates, whichever is highest);

    b.  failing to pay the Putative Class members at rates not less than the federal minimum wage;

    c.  failing to provide the Putative Class members with pay stubs that accurately listed the number of hours they worked/work each week; and

      d. failing to provide the Putative Class members with pay stubs that accurately listed/list their hourly rates of pay.

56. The defendants' violation of the FLSA was willful in that the defendants were aware or should have been aware of their obligations under the FLSA, but nevertheless attempted to circumvent its provisions.

57. The defendants failed to take affirmative steps to ascertain their obligations under the FLSA.

58. As a direct and proximate result of the defendants' violation of the FLSA as described above, the plaintiff was damaged in that he suffered pecuniary loss.

59. As a direct and proximate result of the defendants' violation of the FLSA as described above, the Putative Class members were damaged in that they suffered pecuniary loss; and the Putative Class members continue to suffer pecuniary loss as a direct and proximate result of the defendants' ongoing violation of the FLSA.

WHEREFORE, the plaintiff, on behalf of himself and the Putative Class, prays for judgment in his favor and against the defendants, and each of them, and for the following relief:

    A. damages in an amount equal to the unpaid overtime compensation due and owing to the plaintiffs for each hour the plaintiffs worked in excess of 40 in any given week, but for which the defendants failed to pay the plaintiffs at rates equal to or greater than one and one-half times the regular rates at which the plaintiffs were employed (in no case less than the applicable federal, Illinois or Chicago minimum hourly rates, whichever is highest);

    B. damages in an amount equal to the unpaid minimum wages due and owing to the plaintiffs for each hour the plaintiffs worked, but for which the defendants failed to pay the plaintiffs at a rate equal to or greater than the federal minimum rate;

C.  statutory liquidated damages as allowed by the FLSA;

D.  interest on all amounts awarded;

E.  attorneys' fees, together with costs of suit and collection; and

F.  such further relief as may be fair and just in the premises.

## COUNT II
### (Violation of the IMWL)

60.  The plaintiff re-alleges the foregoing paragraphs.

61.  Among other ways, the defendants violated the IMWL by:

   a.  failing to pay the plaintiff for the overtime (in excess of 40 in any given workweek) hours he worked during Periods B and C at a rate equal to or greater than one and one-half times the hourly rate at which he was employed (in no case less than the applicable federal, Illinois or Chicago minimum hourly rates, whichever is highest);

   b.  failing to pay the plaintiff at a rate not less than the Illinois minimum wage for the hours he worked during Periods A, B and C;

   c.  failing to provide the plaintiff with pay stubs that accurately listed the number of hours he worked each week; and

   d.  failing to provide the plaintiff with pay stubs that accurately listed his hourly rates of pay.

62.  The defendants were aware or should have been aware of their obligations under the IMWL, but nevertheless attempted to circumvent its provisions.

63.  The defendants failed to take affirmative steps to ascertain their obligations under the IMWL.

64.  As a direct and proximate result of the defendants' violation of the IMWL as described above, the plaintiff was damaged in that he suffered pecuniary loss.

WHEREFORE, the plaintiff pray for judgment in his favor and against the defendants, and each of them, and for the following relief:

11

A.  damages in an amount equal to the unpaid overtime compensation due and owing to the plaintiff for each hour the plaintiff worked in excess of 40 in any given week, but for which the defendants failed to pay the plaintiff at a rate equal to or greater than one and one-half times the regular rate at which the plaintiff was employed (in no case less than the applicable federal, Illinois or Chicago minimum hourly rates, whichever is highest);

B.  damages in an amount equal to the unpaid minimum wages due and owing to the plaintiff for each hour the plaintiff worked, but for which the defendants failed to pay the plaintiff at a rate equal to or greater than the IMWL's mandatory minimum rate.

C.  statutory penalties as allowed by the IMWL;

D.  interest on all amounts awarded;

E.  attorneys' fees, together with costs of suit and collection; and

F.  such further relief as may be fair and just in the premises.

## COUNT III
### (Violation of the CMWO)

65.  The plaintiff re-alleges the foregoing paragraphs.

66.  Among other ways, the defendants violated the CMWO by:

a.  failing to pay the plaintiff for the overtime (in excess of 40 in any given workweek) hours he worked during Periods B and C at a rate equal to or greater than one and one-half times the hourly rate at which he was employed (in no case less than the applicable federal, Illinois or Chicago minimum hourly rates, whichever is highest);

b.  failing to pay the plaintiff at a rate not less than the Chicago minimum wage for the hours he worked during Period C and part of Period B;

c.  failing to provide the plaintiff with pay stubs that accurately listed the number of hours he worked each week; and

d.  failing to provide the plaintiff with pay stubs that accurately listed his hourly rates of pay..

67.  The defendants were aware or should have been aware of their obligations under the CMWO, but nevertheless attempted to circumvent its provisions.

68.     The defendants failed to take affirmative steps to ascertain their obligations under the CMWO.

69.     As a direct and proximate result of the defendants' violation of the CMWO as described above, the plaintiff was damaged in that he suffered pecuniary loss.

WHEREFORE, the plaintiff prays for judgment in his favor and against the defendants, and each of them, and for the following relief:

A.  damages in an amount equal to the unpaid overtime compensation due and owing to the plaintiff for each hour the plaintiff worked in excess of 40 in any given week, but for which the defendants failed to pay the plaintiff at a rate equal to or greater than one and one-half times the regular rate at which the plaintiff was employed (in no case less than the applicable federal, Illinois or Chicago minimum hourly rates, whichever is highest);

B.  damages in an amount equal to the unpaid minimum wages due and owing to the plaintiff for each hour the plaintiff worked, but for which the defendants failed to pay the plaintiff at a rate equal to or greater than the CMWO's mandatory minimum rate.

C.  statutory treble damages as allowed by the CMWO;

D.  interest on all amounts awarded;

E.  attorneys' fees, together with costs of suit and collection; and

F.  such further relief as may be fair and just in the premises.

### COUNT IV
### (Retaliation in Violation of the FLSA)

70.     The plaintiff re-alleges the forgoing paragraphs. .

71.     In about August, 2015, the plaintiff began to complain to the defendants that he was being paid under the minimum wage, and that he wasn't being paid overtime compensation at the time and one-half rate.

72. In response to the plaintiff's complaints, the defendants replied to the plaintiff that "business is slow" but that, "if business picks up, we can start paying you more."

73. On Sunday, October 18, 2015, the plaintiff demanded to LAFI AWADALLAH and Steve, the manager of the defendants' discount store, that he be paid at a rate not less than the Chicago minimum wage of $10.00 per hour and demanded that he be paid time and one-half overtime compensation for the hours he worked in excess of 40 each week.

74. In response to the plaintiff's demand on October 18, 2015, as described above, the defendants' fired the plaintiff.

75. When the defendants fired the plaintiff, the plaintiff's manager, Steve, told the plaintiff, "if you try to get a lawyer or try to sue, you won't be able to do anything. You won't get anything."

76. When the plaintiff complained and demanded that he be paid overtime compensation and minimum wage, he was engaging in protected activity under Section 15(a)(3) of the FLSA.

77. The defendants fired the plaintiff in retaliation for his complaints and in retaliation for his demand to be paid proper overtime compensation and minimum wage; and the defendants' retaliation violated Section 15(a)(3) of the FLSA.

78. As a direct and proximate result of the defendants' violation of Section 15(a)(3) of the FLSA as described above, the plaintiff was damaged in that he suffered pecuniary loss.

WHEREFORE, the plaintiff prays for judgment in his favor and against the defendants, and each of them, and for the following relief:

A.  compensatory damages;

B.  consequential damages;

C.  punitive or exemplary damages;

D.  interest on all amounts awarded;

E.  attorneys' fees, together with costs of suit and collection; and

F.  such further relief as may be fair and just in the premises.

## COUNT V
### (Retaliation in Violation of the CMWO)

79.     The plaintiff re-alleges the foregoing paragraphs.

80.     When the plaintiff complained and demanded that he be paid the minimum wage and proper overtime compensation as described above, he specifically mentioned the CMWO, which had recently become effective in July, 2015.

81.     When the plaintiff complained and demanded that he be paid overtime compensation and minimum wage, he was engaging in protected activity under Section 1-24-080 of the CMWO.

82.     The defendants fired the plaintiff in retaliation for his complaints and in retaliation for his demand to be paid proper overtime compensation and minimum wage; and the defendants' retaliation violated Section 1-24-080 of the CMWO.

83.     As a direct and proximate result of the defendants' violation of Section 1-24-080 of the CMWO as described above, the plaintiff was damaged in that he suffered pecuniary loss.

15

WHEREFORE, the plaintiff prays for judgment in his favor and against the defendants, and each of them, and for the following relief:

A.  compensatory damages;

B.  consequential damages;

C.  punitive or exemplary damages;

D.  interest on all amounts awarded;

E.  attorneys' fees, together with costs of suit and collection; and

F.  such further relief as may be fair and just in the premises.

## JURY DEMAND

The plaintiff demands a trial by jury of all issues set forth herein that are capable of being tried by a jury.

Respectfully submitted,

 /s/Paul Luka
One of the Plaintiff's Attorneys

Paul Luka
Law Office of Paul Luka, P.C.
120 S. State Street, Suite 400
Chicago, IL 60603
(312) 971-7309
paul@lukapc.com

Jacob Briskman
Jacob S. Briskman, Attorney-at-Law, P.C.
2054 N. California Ave.
Chicago, IL 60647
(312) 945-6207

16

# EXHIBIT A

## CONSENT TO BE A PARTY PLAINTIFF

The undersigned hereby authorizes and engages the Law Office of Paul Luka, P.C., to pursue his/her claims for unpaid wages, and other relief, against Dollar & Up Group, Inc., Lafi Awadallah, Mohammad Bugatti, and any other person/s who may have employed him/her in conjunction with said person/s (collectively the "Employers"), and by the signature below the undersigned hereby consents to be a party plaintiff in a lawsuit brought against the Employers on behalf of him/herself and all other similarly situated employees, known and unknown, pursuant to 29 U.S.C. 216(b).


_____
Signature

_____
Print Name